Frank Mazzeo
Kao Lu
Alison Dudick
Ryder, Lu, Mazzeo & Konieczny, LLC
808 Bethehem Pike, Suite 200
Colmar, PA  18915
(215) 997-0248
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

WIN LUCK IMPORT EXPORT, LTD.,

    *Plaintiff,*

vs.

SINOSHARP IMPORT & EXPORT CO.

    *Defendant.*

**CIVIL ACTION NO.: _____**

## COMPLAINT

Plaintiff Win Luck Import Export, Ltd. ("Win Luck") for its Complaint for trademark

infringement and other causes of action against Sinosharp Import & Export Co. ("Sinosharp" or

"Defendant") on knowledge, information and belief, alleges as follows:

### Jurisdiction and Venue

1.    This action arises under the United States Trademark Act, also known as the

Lanham Act, 15 U.S.C. §§ 1051-1127.  Jurisdiction is proper under 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331, 1332, 1338 and 1367.

2.    Defendant is subject to personal jurisdiction in the Southern District of New York

consistent with the principles of due process, because the Defendant maintains offices and

facilities in this District, offers its products for sale in this District, has transacted business in this

District, has committed and/or induced acts of trademark infringement in this District, and/or has

placed infringing products into the stream of commerce through established distribution channels

with the expectation that such products will be purchased by residents of this District.

3.      Venue is proper in this district under 28 U.S.C. § 1391 and § 1404.

## The Parties

4.   Win Luck Import Export, Ltd. is a New Jersey corporation with its principal place of

business at 100 Pulaski Street, Bayonne, New Jersey 07002.

5.      Upon information and belief, Sinosharp Import & Export Co. a/k/a Sino Sharp

Import & Export is a New York corporation with its principal place of business at 75 Onderdonk

Avenue, Ridgewood, New York 11385.

## Factual Background

6.   Win Luck Import Export, Ltd. is the exclusive distributor in certain United States

markets, including New York, for the products of Guangzhou Eagle Coin Enterprise Group

Corp. and its United States subsidiary, Eagle Coin Limited (North America), Inc. ("Eagle Coin").

7.   In or about July 2013, Win Luck and Eagle Coin entered into a Distribution

Agreement for the development, market promotion and sale of the Eagle Coin brand products of

the Eagle Coin Enterprise Group (Guangzhou, China).

8.   Win Luck is a leading resource for Eagle Coin products and places great importance

on the integrity, quality and excellence of the products.  Exclusive distributors are permitted to

distribute licensed products only through certain channels in order to preserve the value, protect,

and enhance the brand.  Win Luck has the obligation to protect the Eagle Coin registered

trademarks within its authorized distribution territory.

9.   The Eagle Coin marks are protected by the following incontestable United States

Trademark Registrations (the "Eagle Coin Marks"):

| Mark | Registration No. | Registration Date |
|------|------------------|-------------------|
| EAGLE COIN & Design | 2,006,428 | October 8, 1996 |
| EAGLE COIN & Design | 2,833,914 | April 20, 2004 |

See Exhibits A and B.

10.   The Eagle Coin Marks are in full force and effect, and cover the products identified

on their respective registration certificates.

11.   Win Luck, as exclusive distributor in certain United States markets, including New

York, has expended considerable amounts of time, money and effort in protecting, promoting

and advertising the Eagle Coin Marks with its business.  The Eagle Coin Marks are used to

identify to the public the products distributed by Win Luck, and represent to the public Eagle

Coin's quality products.

12.   As a result of its promotion, advertising, sales and use of the Eagle Coin Marks, and

as a result of the quality of the Eagle Coin products, Plaintiff has established and enjoys valuable

goodwill in its business.

13.   Eagle Coin sells its products only to authorized Eagle Coin distributors, and

Defendant is not an authorized Eagle Coin distributor.

14.   Sinosharp has been selling Eagle Coin products without authorization.

15.   Sinosharp has knowledge that Win Luck is the exclusive distributor of Eagle Coin

products.

16.   In May 2014, Win Luck, through its attorneys, sent Defendant a cease and desist

letter related to its activities selling Eagle Coin products.  Defendant failed to respond.

3

17.    In September 2014, Win Luck, through its attorneys, sent Defendant a second cease and desist letter related to its activities selling Eagle Coin products.  Defendant failed to respond again.

18.    Defendant continues to sell unauthorized Eagle Coin products bearing the Eagle Coin Marks.

19.    Defendant's sale of Eagle Coin products bearing the Eagle Coin Marks has been without permission or consent of Win Luck.

20.    Defendant's unauthorized sale of Eagle Coin products bearing the Eagle Coin Marks is confusingly similar, likely to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services.

21.    Sinosharp's actions are willful, intentional, malicious and in bad faith.

### Count I
### Trademark Infringement, 15 U.S.C. § 1114

22.       Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

23.    Sinosharp's unauthorized use of the Eagle Coin Marks, and variations thereof, without consent of Plaintiff, is likely to confuse or deceive the public into believing, contrary to fact, that Sinosharp is connected with, sponsored or approved by Plaintiff and/or Eagle Coin.

24.    Defendant's use of the Eagle Coin Marks, and variations thereof, infringes on the Eage Coin Marks under the Lanham Act, 15 U.S.C. § 1114 and the common law of the State of New York.

25.    Defendant's acts were done knowingly and intentionally to cause confusion or to cause mistake, or to deceive.

26.    As a result of Defendant's infringement, Plaintiff has suffered damages in the form of increased costs and reduced revenue in an amount to be determined, and those damages continue to increase each day.

27.    As a result ot Defendant's infringement, Plaintiff has incurred and is likely to incur substantial and irreparable injury to the goodwill associated with the Eagle Coin Marks, trade name and trade dress.

28.    Plaintiff is without adequate remedy at law.

### Count II
### Unfair Competition, 15 U.S.C. § 1125(a)

29.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

30.    Defendant's use of the Eagle Coin Marks and variations thereof, without the consent of Plaintiff, is likely to cause confusion or mistake, or to deceive as to the origin or sponsorship of Defendant's goods, services or commercial activities.

31.    Defendant's conduct constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law of the State of New York.

32.    Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

33.    As a result of Defendant's actions, Plaintiff has suffered damages in the form of increased costs and reduced revenue in an amount to be determined, and those damages continue to increase each day.

34.     As a result of Defendant's unfair competition, Plaintiff has incurred and is likely to incur substantial and irreparable injury to the goodwill associated with the Eagle Coin Marks and trade name.

35.   Plaintiff has no adequate remedy at law.

### Count III
### Common Law Trade Name and Trademark Infringement

36.   Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

37.   Defendant's unauthorized use of the Eagle Coin Marks, trade names, and variations thereof, constitutes common law trade name and trademark infringement.

38.    The continued use by the Defendant of the Eagle Coin Marks, trade names, and variations thereof, has caused and will cause irreparable harm and injury to Plaintiff and to its reputation and goodwill, for which Plaintiff has no adequate remedy at law.

### Count IV
### Dilution and Injury to Business Reputation, N.Y. General Business Law § 360-1

39. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

40. Defendant's use of a copy, variation, simulation or colorable imitation of the Eagle Coin Marks has caused and will continue to cause the dilution of the distinctive quality of the Eagle Coin Marks and to injure Plaintiff's business reputation.

41. Defendant's use of a copy, variation, simulation or colorable imitation of the Eagle Coin Marks, in connection with goods and services not controlled or otherwise subject to

Plaintiff's quality control has caused and will continue to cause dilution of and/or injury to the reputation of Plaintiff and its goods and services.

42. By reason of the foregoing, Plaintiff is entitled to relief under New York General Business Law § 360-1.

43. The continued use by the Defendant of Eagle Coin Marks, trade names, and variations thereof, has caused and will cause irreparable harm and injury to Plaintiff and to its reputation and goodwill, for which Plaintiff has no adequate remedy at law.

## Count V
## Deceptive Trade Practices, N.Y. General Business Law § 360-1

44.   Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

45.  By reasons of the acts set forth above, Defendant has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of  § 349 of the New York General Business Law.

46.  The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

47.   Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Plaintiff.

48.   Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff Win Luck Import Export, Ltd. seeks entry of judgment in its favor and against Defendant Sinosharp Import & Export Co. providing the following relief:

A.   A preliminary and permanent injunction restraining and enjoining Defendant, and all of its agents, successors and assigns, and all persons in active concert or participation with any of them, from using the Eagle Coin Marks, or any other word, mark or name, alone or in combination, which is confusingly similar or suggestive of Eagle Coin or the Eagle Coin Marks, or which is likely to cause confusion or mistake or to deceive;

B.   An order requiring Defendant to deliver to Plaintiff all materials in its possession, custody or control bearing the Eagle Coin Marks, or any word, mark or name, alone or in combination, which is confusingly similar to or suggestive of the Eagle Coin Marks, or which is likely to cause confusion or mistake or to deceive;

C.   An order requiring Defendant to file with this Court and serve upon Plaintiff within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which it has complied with the injunctions set forth in A and B above;

D.   An award to Plaintiff of all profits received by Defendant from sales and revenues of any kind made as a result of infringement, all damages Plaintiff has sustained on account of the Defendant's trademark infringement, such damages to be trebled pursuant to 15 U.S.C. § 1117;

E.   Further damages in an amount to be proven at trial, including, but not limited to, statutory damages;

F.   Costs of this action, interest, reasonable attorneys' fees; and

G.    Such other and further relief as the Court may deem just and proper.


Date:  May 26, 2015

Respectfully submitted,

By: _____

Frank Mazzeo
Kao Lu
Alison R. Dudick
Ryder, Lu, Mazzeo & Konieczny, LLC
808 Bethlehem Pike
Colmar, PA 18915
Tel: 215-997-0248
Fax: 215-997-0266
Email:    fmazzeo@ryderlu.com
          klu@ryderlu.com
          adudick@ryderlu.com

*Attorneys for Plaintiff Win Luck Import Export, Ltd.*